IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| N.P.U., Inc., *d/b/a* NE PLUS ULTRA; and CASEY MCKEE; | § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | 1:18-CV-167-RP |
| WILSON AUDIO SPECIALTIES, INC., | | |
| Defendant. | | |

**ORDER**

The Court previously scheduled a hearing on the motion to dismiss filed by Plaintiffs N.P.U., Inc. and Casey McKee (together, "Plaintiffs"), (Dkt. 11), for July 20, 2018. (Order, Dkt. 19). Plaintiffs' motion to dismiss is based on the Texas Citizens' Participation Act ("TCPA"), (*see id.*), which provides for dismissal of legal actions based on, relating to, or in response to a party's exercise of the right of free speech, right to petition, or right of association. Tex. Civ. Prac. & Rem. Code § 27.003(a). When a party files a TCPA motion to dismiss, the TCPA requires that a court hold a hearing on the motion no later than 60 days after the motion is served. *Id.* § 27.004(a). A court must then rule on the motion no later than 30 days after the date of the hearing. *Id.* § 27.005(a). If a court does not rule on the motion within that 30-day period, the motion is considered to be denied and that denial may be appealed. *Id.* § 27.008(a).

Under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts apply state substantive law and federal procedural law to cases involving diversity or supplemental jurisdiction. *Sommers Drug Stores Co. Employee Profit Sharing Tr. v. Corrigan*, 883 F.2d 345, 353 (5th Cir. 1989). Although Plaintiffs' sole claim arises under federal law, (*see* Am. Compl., Dkt. 8, ¶¶ 3, 18–20), and two of Defendant Wilson Audio Specialties, Inc.'s ("Wilson Audio") counterclaims arise under federal law, the remainder of Wilson Audio's counterclaims arise under Texas state law, (*see* Answer, Dkt. 9, at 8–

1

11). Therefore, although the Court does not sit in diversity, state substantive law applies to those counterclaims over which the Court exercises its supplemental jurisdiction.

There is some uncertainty about whether some or all of the TDCA is applicable in federal court when a court exercises its diversity or supplemental jurisdiction over state-law claims. *See Block v. Tanenhaus*, 867 F.3d 585, 589 (5th Cir. 2017) ("The applicability of state anti-SLAPP statutes in federal court is an important and unresolved issue in this circuit."); *Cuba v. Pylant*, 814 F.3d 701, 707 n.6 (5th Cir. 2016) (noting that the Fifth Circuit has not decided "whether, under the *Erie* doctrine, the array of state procedural rules surrounding anti-SLAPP motions to dismiss (*viz.* discovery stays, accelerated timetables for decision, and the like) follow the core anti-SLAPP motion to dismiss into federal court"). However, even those district courts in this circuit that have applied some of the TDCA's provisions have declined to apply the statute's more clearly procedural rules, such as the hearing and 30-day-ruling requirements. *See Banik v. Tamez*, No. 7:16-CV-462, 2017 WL 1228498, at *4 (S.D. Tex. Apr. 4, 2017) (declining to deny a TDCA motion on the basis of the statute's 30-day-ruling requirement because "there is no binding precedent requiring application of state anti-SLAPP procedural rules"); *Charalambopoulos v. Grammer*, No. 3:14-CV-2424-D, 2015 WL 390664, at *28 (N.D. Tex. Jan. 29, 2015) ("[A]lthough § 27.004 provides for a hearing and imposes time limits on when it must be held, the requirement of a hearing is procedural and not binding on this court.").

Without deciding the applicability of other TDCA provisions in federal court, the Court holds that the TDCA's hearing requirement, Tex. Civ. Prac. & Rem. Code § 27.004(a), and its 30-day-ruling requirement, *id.* § 27.005(a), are procedural rules that do not apply in federal court. The Court therefore is not required to hold a hearing on Plaintiffs' motion to dismiss and finds that a hearing will be unnecessary. The Court notes that the Fifth Circuit has held that—whatever the applicability of the 30-day-ruling requirement—when no TDCA hearing is held, the statute's 30-day-

ruling requirement does not operate to deny a TDCA motion to dismiss as a matter of law. *Cuba v. Pylant*, 814 F.3d 701, 707 (5th Cir. 2016).

Accordingly, **IT IS ORDERED** that the hearing set for July 20, 2018, is **CANCELED**. The Court will rule on Plaintiffs' motion to dismiss, (Dkt. 11), in a separate order.

**SIGNED** on July 17, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE