IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| N.P.U., Inc., *d/b/a* NE PLUS ULTRA; and CASEY MCKEE; | § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | 1:18-CV-167-RP |
| WILSON AUDIO SPECIALTIES, INC., | | |
| Defendant. | | |

## ORDER

Before the Court is Plaintiffs' Motion to Dismiss Defendant's Counterclaims under the TCPA and Requesting Hearing of Same ("Motion to Dismiss"). (Dkt. 11). Also before the Court is Plaintiffs' Motion to Strike Defendant's Exhibit D ("Motion to Strike"). (Dkt. 16). Having considered the parties' briefs, the evidence, and the relevant law, the Court denies Plaintiffs' Motion to Dismiss. Because it does so without relying on Defendant's Exhibit D, Plaintiffs' Motion to Strike is denied as moot.

## I. BACKGROUND

Plaintiffs N.P.U., Inc. and Casey McKee (together, "Plaintiffs") filed this copyright action against Defendant Wilson Audio Specialties, Inc. ("Wilson Audio"). (Am. Compl., Dkt. 8). Plaintiffs sell and service audio equipment. (*Id.* ¶ 8). On their website, they list companies whose products they sell on a page titled "What We Carry." (*Id.* ¶ 9). At one point, that list included Wilson Audio. (*Id.*). When Plaintiffs stopped selling Wilson Audio products in 2014, they changed the "What We Carry" list to read "(formerly) Wilson Audio." (*Id.*). Plaintiffs' website also includes two photographs of Wilson Audio products. (*Id.* ¶ 12). In 2018, Wilson Audio asked Plaintiffs to remove "(formerly) Wilson Audio" from their website. (*Id.* ¶ 14). Plaintiffs then filed this action, seeking a declaratory

1

judgment that their use of "(formerly) Wilson Audio" on their website does not infringe Wilson Audio's trademark or other rights. (*Id.* ¶ 20).

Wilson Audio included a set of counterclaims in their answer: (1) trademark infringement under 15 U.S.C. § 1114; (2) unfair competition under 15 U.S.C. § 1125(a); (3) unfair competition under Texas common law; (4) breach of contract; and (5) unjust enrichment. (Answer, Dkt. 9, at 8–11). Plaintiffs contend that these counterclaims are subject to dismissal pursuant to the Texas Citizens' Participation Act ("TCPA"). (Mot. Dismiss, Dkt. 11, at 1). The TCPA provides for dismissal of legal actions based on, relating to, or in response to a party's exercise of the right of free speech, right to petition, or right of association. Tex. Civ. Prac. & Rem. Code § 27.003(a). Wilson Audio filed a timely response. (Dkt. 14).

## II. DISCUSSION

The TCPA provides that "[i]f a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action." Tex. Civ. Prac. & Rem. Code § 27.003(a). A court "shall dismiss a legal action against the moving party if the moving party shows by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." *Id.* § 27.005(b). However, "[t]he TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits." *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015). To that end, a court "may not dismiss a legal action under this section if the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). Even if the party bringing the legal action meets its burden, however, the moving party can secure dismissal if it "establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim."

2

*Id.* § 27.005(d). Plaintiffs seek dismissal of Wilson Audio's counterclaims under these provisions. (Mot. Dismiss, Dkt. 11, at 6–26).

The threshold question is whether the TCPA applies to some or all of Wilson Audio's claims. (*See* Resp. Mot. Dismiss, Dkt. 14, at 5–10). "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). The same rule applies to state law claims over which a federal court exercises supplemental jurisdiction. S*ongcharoen v. Plastic & Hand Surgery Assocs., P.L.L.C.*, 561 F. App'x 327, 332 (5th Cir. 2014); *Sommers Drug Stores Co. Empl. Profit Sharing Tr. v. Corrigan*, 883 F.2d 345, 353 (5th Cir. 1989). Even if an *Erie* analysis determines a state rule of law to be substantive, "if there is a direct collision between a state substantive law and a federal procedural rule that is within Congress's rulemaking authority, federal courts apply the federal rule and do not apply the substantive state law." *Block v. Tanenhaus*, 867 F.3d 585, 589 (5th Cir. 2017) (cleaned up). The Court previously held that two of the TCPA's procedural provisions, the hearing requirement and the 30-day-ruling requirement, are procedural and do not apply in federal court. (Order, Dkt. 20 (referring to Tex. Civ. Prac. & Rem. Code §§ 27.004(a), 27.005(a))). The Court must now determine whether the TCPA contains substantive provisions that apply in federal court and, if so, to which of Wilson Audio's counterclaims the TCPA applies.

As an initial matter, the TCPA does not apply to Wilson Audio's two counterclaims arising under federal law, (Answer, Dkt. 9, at 8–9), even assuming that the law expressed in Texas Civil Practice & Remedies Code § 27.005 ("Section 27.005") is substantive. The Court is not sitting in diversity; Plaintiffs' sole claim arises under federal law. (*See* Am. Compl., Dkt. 8, ¶¶ 3, 18–20). The Court exercises federal question jurisdiction over that claim and the two counterclaims arising under the Lanham Act. 28 U.S.C. § 1331. The Court does not apply state law to those claims. The TCPA therefore provides no basis for dismissing Wilson Audio's counterclaims arising under federal law.

3

The more complex issue is whether the TCPA applies to Wilson Audio's state-law counterclaims. Because the Court exercises supplemental jurisdiction over those claims, 28 U.S.C. § 1367(a), state substantive law applies to those claims. *Sommers Drug Stores*, 883 F.2d at 353. The questions are (1) whether the law expressed in Section 27.005 is substantive and (2) if so, whether there is a direct collision between those parts of the TCPA and federal law. For the reasons discussed below, the Court finds that Section 27.005 does not apply to Wilson Audio's state-law counterclaims because it is procedural rather than substantive, and that even if it is substantive, it directly collides with federal law.

The Fifth Circuit has not decided whether the TCPA applies in federal court when a court exercises its diversity or supplemental jurisdiction over state-law claims. *See Block*, 867 F.3d at 589 ("The applicability of state anti-SLAPP statutes in federal court is an important and unresolved issue in this circuit."); *Cuba v. Pylant*, 814 F.3d 701, 706 (5th Cir. 2016) (assuming without deciding that the TCPA's procedural rules apply in federal court). Accordingly, there is a split among district courts concerning whether to apply the TCPA. *Compare Allen v. Heath*, No. 6:16-CV-51 MHS-JDL, 2016 WL 7971294, at *3 (E.D. Tex. May 6, 2016), *report and recommendation adopted*, No. 6:16-CV-51, 2016 WL 3033561 (E.D. Tex. May 27, 2016) (finding that the TCPA's basis for dismissal is substantive and does not conflict with the Federal Rules of Civil Procedure); *Williams v. Cordillera Commc'ns, Inc.*, No. 2:13-CV-124, 2014 WL 2611746, at *1 (S.D. Tex. June 11, 2014) (relying on *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164 (5th Cir. 2009)), *with Thoroughbred Ventures, LLC v. Disman*, No. 4:18-CV-00318, 2018 WL 3472717, at *2–3 (E.D. Tex. July 19, 2018) (concluding that the TCPA is procedural and that it conflicts with Federal Rules of Civil Procedure 12 and 56); *Mathiew v. Subsea 7 (US) LLC*, No. 4:17-CV-3140, 2018 WL 1515264, at *5–7 (S.D. Tex. Mar. 9, 2018), *report and recommendation adopted*, No. 4:17-CV-3140, 2018 WL 1513673 (S.D. Tex. Mar. 26, 2018) (same). The Court agrees with those courts that do not apply the TCPA in federal court.

4

Courts that do not apply the TCPA in federal court have adopted the analysis articulated by United States Circuit Judge James E. Graves in his dissent from *Cuba v. Pylant*, 814 F.3d 701, 718–21 (5th Cir. 2016). *Thoroughbred Ventures*, 2018 WL 3472717, at *3; *Mathiew*, 2018 WL 1515264, at *7. Judge Graves concluded that the TCPA "creates no substantive rule of Texas law" and is instead "a procedural mechanism for speedy dismissal of a meritless lawsuit that infringes on certain constitutional protections." *Cuba*, 814 F.3d at 719. Going further, Judge Graves concluded that even if the TCPA were substantive, "it still must yield to federal law because it directly conflicts with the Federal Rules of Civil Procedure." *Id.* Because the TCPA requires a plaintiff to provide "clear and specific evidence" for each element of a prima facie case, it "obviously conflicts" with Federal Rules of Civil Procedure 12(b)(6) and 56, both of which allow claims to proceed to trial by surviving scrutiny under lesser burdens of proof. *Id.* at 719–20. The Court is persuaded by Judge Graves's analysis and joins those district courts that have adopted it. *See Thoroughbred Ventures*, 2018 WL 3472717, at *3; *Mathiew*, 2018 WL 1515264, at *7; *Rudkin v. Roger Beasley Imports, Inc.*, No. A-17-CV-849-LY, 2017 WL 6622561, at *3 (W.D. Tex. Dec. 28, 2017), *report and recommendation approved*, No. A-17-CV-849-LY, 2018 WL 2122896 (W.D. Tex. Jan. 31, 2018).

Plaintiffs urge the Court to join the district courts that have applied the TCPA in federal court. (Reply Mot. Dismiss, Dkt. 15, at 2). The Court declines to do so because it is not persuaded by the reasons articulated in those nonbinding decisions. For example, the Magistrate Judge in *Allen* found that "the [TCPA] itself is functionally substantive" because "it ultimately provides a basis for dismissal that is inextricably tied to the substantive nature of Plaintiff's claims." 2016 WL 7971294, at *3. The Court disagrees that the TCPA's dismissal rules are "inextricably tied to the substantive nature" of a plaintiff's (or counter-plaintiff's) claims. In this case, for example, Plaintiffs contend that Wilson Audio's counterclaims relate to their right to petition not based on the counterclaims' substance but simply because they were filed in response to Plaintiffs' amended complaint. (Mot.

5

Dismiss, Dkt. 11, at 8–9). If the TCPA were to require dismissal of those counterclaims, it would likewise be for no reason tied to the substance of Wilson Audio's counterclaims because dismissal under the TCPA is based on a lack of sufficient evidence no matter what the substance of a claim.[1]

Moreover, *Allen*'s analysis does not consider whether the TCPA is substantive under the "outcome determination" test or the "twin aims" of *Erie*, which are used in this circuit to determine whether a state rule of law is procedural of substantive. *All Plaintiffs v. All Defendants*, 645 F.3d 329, 336 (5th Cir. 2011). Under the outcome-determination test, courts consider whether it would "significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (quoting *Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1945)) (cleaned up). That test, however, "must not be applied mechanically to sweep in all manner of variations; instead, its application must be guided by 'the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws.'" *Gasperini*, 518 U.S. at 428 (quoting *Hanna v. Plumer*, 380 U.S. 460, 468 (1965)). Plaintiffs offer no argument that the TCPA is substantive based on these tests. Applying those tests to this case, the Court does not find that the TCPA's dismissal provisions are substantive. Here, it is *Plaintiffs* who chose the forum. Suppose that the TCPA sets so much stricter a standard of review than Federal Rules of Civil Procedure 12 and 56 that the difference is outcome-determinative. *Gasperini*, 518 U.S. at 427. Even so, in the context of counterclaims, the TCPA is not substantive in light of the twin aims of *Erie* because there is no concern that defendants—who did not choose the forum with the more lenient pretrial dismissal rules—will shop for the more favorable forum.

---

[1] A rule is not substantive simply because it requires a court to analyze the evidentiary support for a claim. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427–28 (1996) (discussing the standards for determining whether a state law is substantive or procedural under the *Erie* doctrine). If that were true, the federal summary judgment standard—which, like the TCPA, requires a court to examine the evidentiary support for a claim—would be substantive. But the federal summary judgment rule is not substantive; it is procedural. *Brock v. Chevron U.S.A., Inc.*, 976 F.2d 969, 971 (5th Cir. 1992). More is required to characterize a rule as substantive than scrutiny of a claim's evidentiary support.

The remaining cases cited by Plaintiffs apply the TCPA in federal court based on the Fifth Circuit's decision in *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164 (5th Cir. 2009). (Reply Mot. Dismiss, Dkt. 15, at 2 (citing, *e.g.*, *Williams*, 2014 WL 2611746; *Khalil v. Mem'l Hermann Health Sys.*, No. CV H-17-1954, 2017 WL 5068157 (S.D. Tex. Oct. 30, 2017); *Banik v. Tamez*, No. 7:16-CV-462, 2017 WL 1228498 (S.D. Tex. Apr. 4, 2017)). In *Henry*, the Fifth Circuit applied Louisiana's anti-SLAPP statute in federal court but did not analyze whether the statute was procedural or substantive or whether it directly collided with federal law. 566 F.3d at 169–70. The district courts that have relied on *Henry* have similarly failed to supply that analysis; they note only that the TCPA is similar to Louisiana's anti-SLAPP statute. *See, e.g.*, *Khalil*, 2017 WL 5068157, at *4 ("The Fifth Circuit has also held that a federal-court defendant may bring a motion to dismiss under Louisiana's similar anti–SLAPP statute.").[2] The Fifth Circuit has twice considered the applicability of the TCPA in federal court since *Henry* and has twice declined to decide the issue. *Block*, 867 F.3d at 589; *Cuba*, 814 F.3d at 706. Without binding authority extending *Henry* to the TCPA or any reason from Plaintiffs to persuade the Court to do so, the Court concludes that the TCPA does not apply in federal court for the reasons given above. Accordingly, the Court finds that the TCPA provides no basis for dismissing Wilson Audio's state-law counterclaims. Because Plaintiffs offer no other basis on which to dismiss Wilson Audio's counterclaims, their motion is denied.

---

[2] *Williams* is an exception. Before concluding that "[t]here is no material difference between the Louisiana and Texas anti-SLAPP statutes," the court explains its finding that the TCPA's dismissal rules are substantive despite appearing procedural in nature: "these procedural features are designed to prevent substantive consequences—the impairment of First Amendment rights and the time and expense of defending against litigation that has no demonstrable merit under state law regarding defamation." *Williams*, 2014 WL 2611746, at *1–2. The Court is not persuaded by this analysis. Having substantive consequences is not dispositive of a rule's character; Federal Rule of Civil Procedure 12(b), for example, has substantive consequences but is nonetheless procedural in character. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 206 n.50 (5th Cir. 2016) ("Even though the Rule 12(b)(6)–type analysis might have a substantive effect—that is, the claims against the defendant might be dismissed with prejudice—it is still a procedural law.").

## III. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Plaintiffs' Motion to Dismiss, (Dkt. 11), is **DENIED**. Plaintiffs' Motion to Strike, (Dkt. 16), is **DENIED AS MOOT**.

**SIGNED** on October 29, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE